**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division**

| | |
|---|---|
| **IN RE:** ) | |
| ) | **Chapter 11** |
| **OAKWOOD COUNTRY CLUB,** ) | |
| **INCORPORATED,** ) | **Case No. 10-60246** |
| ) | |
| **Debtor.** ) | |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that a hearing will be held on this matter on February 4, 2010 at 10:30 a.m. in the United States Bankruptcy Court for the Western Distinct of Virginia, Lynchburg Division at 1101 Court St., Lynchburg, Virginia 24504 before the Honorable William E. Anderson.

## MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL

Oakwood Country Club, Incorporated ("Oakwood" or "Debtor"), debtor and debtor-in-possession in this Chapter 11 case, respectfully moves this Court for the entry of an Order authorizing its use of cash collateral necessary to avoid harm to the estate pursuant to Section 363 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001. As grounds for its motion, Debtor respectfully states as follows:

1. On January 29, 2010 (the "Petition Date"), a voluntary petition was filed by Debtor for reorganization under Chapter 11 of the Bankruptcy Code. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Debtor has retained possession of its assets and is authorized thereby, as Debtor-in-Possession, to continue the operation and management of its business.

2. On January 27, 2010, prior to the filing of the petition by Debtor, the City of Lynchburg ("Lynchburg") seized a funds belonging from the Debtor's operating account at Wachovia Bank in order to partially satisfy certain tax liabilities of the Debtor to Lynchburg.

WOODS ROGERS PLC
ATTORNEYS AT LAW

{#1322205-2, 111619-00001-01}

Lynchburg seized the sum of approximately $30,000.00 from the Debtor's operating bank account.

3. Lynchburg may have a lien on the bank account it seized, but any lien Lynchburg may have would be subject to avoidance as a preferential transfer under 11 U.S.C. § 547 and recovery by the Debtor under 11 U.S.C. § 550.

4. Debtor does not believe that, other than the possible lien of Lynchburg (which would be subject to avoidance), that there are any liens on its bank accounts generally, or on the account seized by Lynchburg. The Debtor does not believe that Lynchburg holds a lien on any other property of the Debtor.

5. The funds in the bank account seized by Lynchburg constitutes "cash collateral" under Section 363 of the Bankruptcy Code.

6. No Creditors' Committee, as provided for under Section 1102 of the Bankruptcy Code, has yet been appointed.

7. An immediate need exists for Debtor to use cash collateral in order to avoid harm to the estate. Without such cash collateral, Debtor will not be able to pay wages, salaries, taxes, and operating expenses or purchase supplies and materials.

8. Entry of an order permitting the use of cash collateral will minimize disruption of Debtor as a going concern, will increase the possibilities for a successful reorganization and is in the best interests of Debtor's estate and its creditors.

9. Lynchburg will not be harmed by the entry of an order permitting the use of cash collateral because any lien of Lynchburg's is subject to avoidance and the Debtor is willing to grant Lynchburg a continuing lien on all amounts in the operating account.

11. The Debtor requests that the Court hold a preliminary hearing to consider entering a proposed Interim Order regarding cash collateral that is attached as **Exhibit A**. Further, the Debtor requests that the Court set a Final Hearing on this Motion to be held 14 or more days after the service of this Motion.

12. As soon as practicable after the commencement of this chapter 11 case, the Debtor served, through the CM/ECF system, copies of this motion and notice of hearing on (i) the Office of the United States Trustee, and (ii) the Internal Revenue Service. In addition, the Debtor transmitted a copy of this Motion as described in the Certified of Service appended hereto. The Debtor believes that the above-described notice is adequate and appropriate notice under the circumstances of this case.

WHEREFORE, Oakwood Country Club, Incorporated, Debtor and Debtor-in-Possession, in this chapter 11 case, respectfully requests that the Court: 1) enter the Interim Order attached as **Exhibit A** authorizing it to utilize cash collateral; 2) set a date for entry of consideration of a Final Order, and; 3) award it such other relief as may be just a proper.

OAKWOOD COUNTRY CLUB, INCORPORATED

By:   /s/   B. Webb King

Richard C. Maxwell (VSB No. 23554)
B. Webb King (VSB No. 47044)
Woods Rogers PLC
P.O. Box 14125
Roanoke, Virginia 24038-4125
Telephone: (540) 983-7600
Facsimile: (540) 983-7711
   *Proposed Counsel to the Debtor*

WOODS ROGERS PLC
ATTORNEYS AT LAW

{#1322205-2, 111619-00001-01}

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing document has been sent via U.S. Mail and electronic means, when possible, on February 3, 2010, to the persons listed below and to the Twenty Largest Unsecured Creditors on the list previously filed with the Court.

Joan F. Foster
Mayor, City of Lynchburg
900 Church Street
Lynchburg, VA 24504

Walter C. Erwin, III, Esq.
Lynchburg City Attorney
City Attorney's Office
900 Church Street
Lynchburg, VA 24504
  **(VIA MAIL, FACSIMILE TO (434) 847-9049, AND E-MAIL)**

Office of the United States Trustee
First Campbell Square Building
210 First Street, SW, Suite 505
Roanoke, VA 24011

        /s/   B. Webb King

WOODS ROGERS PLC
ATTORNEYS AT LAW

{#1322205-2, 111619-00001-01}